FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 29, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUAN GONZALEZ,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 1:17-CV-03070-SMJ

**ORDER RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS**

## I. INTRODUCTION

Before the Court, without oral argument, are the parties' cross-motions for summary judgment. ECF Nos. 12 & 19. Plaintiff Juan Gonzalez appeals the Administrative Law Judge's (ALJ) denial of Social Security disability insurance and supplemental security income benefits. ECF No. 12. Plaintiff contends the ALJ erred by failing to find his obesity and heart disease were severe impairments, discrediting his symptom testimony, and improperly weighing the opinions of several medical and nonmedical sources. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision. ECF No. 19.

SUMMARY JUDGMENT
ORDER **-** 1

After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court finds that the ALJ failed to properly weigh medical symptom testimony and erred in failing to consider the impact of Gonzalez's obesity on his other impairments and in determining his residual functional capacity (RFC). Accordingly, the Court grants Plaintiff's motion and remands for further proceedings consistent with this Order.

## II. BACKGROUND[1]

At the time of his hearing before the ALJ, Gonzalez was 28 years old and lived in Selah, Washington with his young daughter and girlfriend. AR 53–54. Gonzalez suffers from psychosis disorder, personality disorder, and a substance dependence disorder. AR 22. Gonzalez completed the eighth grade and does not have a GED, though he has taken classes to prepare for GED testing. AR 52. Gonzalez has a criminal history and has been incarcerated in the past. *See* AR 85. His most recent period of incarceration ended in September 2012. *See* AR 57. Gonzalez began working in August 2013 and has been working intermittently since then. *See* AR 67.

Gonzalez filed applications for disability benefits and supplemental security income on October 3, 2012, alleging an onset date of January 1, 2006. AR 237. At

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

the hearing, Gonzalez requested to amend his application to a closed period of disability from September 1, 2012, to October 1, 2013. AR 50. The application was denied initially and upon reconsideration and Gonzalez filed a request for hearing. A hearing was held on April 21, 2015 with ALJ Larry Kennedy and Vocational Expert Trevor Duncan. AR 42.

The ALJ issued his decision on September 4, 2015, concluding that Gonzalez was not disabled within the meaning of the Social Security Act during the relevant time period. Tr. 31. Gonzalez requested review by Social Security Appeals Counsel. AR 14. The Appeals Counsel denied Gonzalez's request for review of the ALJ's decision on February 15, 2017. Tr. 1–4.

Gonzalez filed this action on April 13, 2017. ECF No. 1.

### III. DISABILITY DETERMINATION

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience.

20 C.F.R. §§ 404.1520(f), 416.920(f); *see also Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

## IV. STANDARD OF REVIEW

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir.1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.'" *Id.* at 1110 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla, but may be less than a preponderance. *Id.* at 1110–11 (citation omitted). Even where the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

## V. **DISCUSSION**

The ALJ found that (1) Gonzalez had engaged in substantial gainful activity from August 2013 through October 2014; (2) Gonzalez had several medically severe impairments (psychosis disorder not otherwise specified, personality disorder, and substance dependence disorder); (3) Gonzalez's impairments did not meet or medically equal the severity of any impairment listed by the Commissioner as so severe as to preclude substantial gainful activity; (4) Gonzalez has the residual functional capacity to perform a full range of work at all exertional levels with some nonexertional limitations; and (5) Gonzalez is unable to perform his past relevant work as a janitor or cashier but is capable of performing other jobs available in the national economy. Tr. 22–31. Gonzalez challenges the ALJ's decisions at steps one through five.

**A.  The ALJ implicitly denied Gonzalez's closed period of disability from September 1, 2012, to October 1, 2013.**

20 C.F.R. § 404.315 establishes that a person is entitled to disability benefits while disabled if they meet certain criteria. These requirements include: "(1) You have enough social security earnings to be insured for disability, as described in § 404.130; (2) You apply; (3) You have a disability, as defined in § 404.1505, or you are not disabled, but you had a disability that ended within the 12–month period before the month you applied." 20 C.F.R. § 404.315. A limited, noncontinuing period of disability is known as a "closed period."

At his hearing, Gonzalez amended his petition to a closed period of disability from September 1, 2012, to October 1, 2013. However, the ALJ's questioning at the hearing and analysis at Step 1 consider the entire disability period from October 2012 forward. Specifically, at Step 1, the ALJ found that Gonzalez had performed work at substantial gainful activity levels from August 2013 to October 2014. The ALJ went on to state that, "even if the claimant had not engaged in substantial gainful activity since his protective filing date, a finding of disability would still be appropriate because the medical records do not support a finding of disability." AR 22. The rest of the ALJ's decision discussed the relevant medical records in depth.

Although the ALJ did not explicitly address the closed period of disability, because the closed period is contained within the period of time discussed by the ALJ, the ALJ implicitly denied Gonzalez's disability during the closed period. Thus, the decision operates as a denial of the closed disability period.

**B.      The ALJ did not err by failing to find Gonzalez had heart disease.**

Gonzalez argues that the ALJ erred in step two by finding that his alleged cardiac impairment was not medically determinable. The ALJ held that, "[w]hile the claimant has complained of cardiac problems, the records contain no diagnosis from an acceptable medical source of a related impairment . . . . Accordingly, I find that this is a non-medically determinable impairment." AR 23. The ALJ's articulation of the standard is incorrect, but his assessment of the record is not.

At step two, the ALJ must determine "whether the claimant has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The claimant has the burden of showing (1) he had a medically determinable impairment, and (2) his medically determinable impairment was severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). Contrary to the implication of the ALJ's statement, a medically determinable impairment does not require a diagnosis. To establish the existence of a medically determinable impairment, the claimant must provide objective medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of

symptoms will not suffice. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005). "Signs are anatomical, physiological, or psychological abnormalities which can be observed, apart from your statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques." 20 C.F.R. 416.928.

Here, the only record of any heart-related issues is a July 13, 2012 treatment record from Washington State Penitentiary Doctor Benjamin Rodriguez. AR. 729. Dr. Rodriguez's notes indicate that Gonzalez had a previous workup, including EKGs, which were all negative. *Id.* Dr. Rodriguez found that Gonzalez had a 2/6 systolic injection murmur and a "borderline EKG with possible ectopic bradycardia atrial." *Id.* This inconclusive diagnostic considered with the record as a whole is insufficient to establish a medically determinable cardiac impairment. The ALJ therefore did not err in finding Gonzalez failed to establish this condition for the purposes of the social security analysis. Moreover, even if the condition was medically determinable, Gonzalez cites no evidence that would support a finding that the condition was "severe."

**C.    The ALJ erred in weighing the medical source opinions of Dr. Jacks and Dr. Lewis.**

In disability proceedings, "the opinion of a treating physician must be given more weight than the opinion of an examining physician, and the opinion of an examining physician must be afforded more weight than the opinion of a reviewing physician." *Ghanim*, 763 F.3d at 1160. An ALJ cannot reject a treating or examining

SUMMARY JUDGMENT
ORDER - 9

physician's opinion, even if it is contradicted by another physician, without setting forth specific and legitimate reasons supported by substantial evidence. *Garrison*, 759 F.3d at 1012.

### 1. Dr. Richard Jacks, Ph.D.

In August 2012, examining psychologist Dr. Jacks opined Gonzalez had moderate to marked limitations in basic work activities, including marked limitations in completing a normal workday or workweek, performing within a schedule, maintaining attendance, and being punctual. AR 793. The ALJ silently rejected Dr. Jacks's opinion by failing to discuss it in the opinion. In its response brief, the Commissioner argues that the ALJ was not required to discuss Dr. Jacks's opinion because it predates the alleged onset date.

In an unpublished opinion, the Ninth Circuit noted the tension between its case law that "medical opinions that predate the alleged onset of disability are of limited relevance" and the Social Security Regulations' mandate that "the ALJ must consider all medical opinion evidence." *Williams v. Astrue*, 493 F. App'x. 866 (9th Cir. 2012) (first quoting *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008);and then quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)). On review of the relevant case law in this and other circuits, the Court is persuaded that an ALJ may not reject medical evidence solely because it predates the alleged date of the onset of disability. *See, e.g.*, *McQueen v. Colvin*,

No. 3:15-cv-05893-JRC, 2016 WL 4009850 (Jul. 27, 2016 W.D. Wash.) (surveying relevant case law). In some cases, the time elapsed between the medical opinion and the onset may be sufficient to discount its relevance. However, where, as here, the medical opinion evidence is from shortly before the period of alleged disability, the ALJ must provide a basis for rejecting the opinion. The ALJ therefore erred by failing to discuss Dr. Jacks's medical opinion.

Harmless error analysis applies to Social Security disability cases. *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (citing *McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011)); *Molina*, 674 F.3d at 1115. "The nature of that application is fact-intensive—'no presumptions operate' and '[the reviewing court] must analyze harmlessness in light of the circumstances of the case.'" *Id.* (quoting *Molina*, 674 F.3d at 1121). Accordingly, the Court must consider whether the ALJ's error was "'inconsequential to the ultimate nondisability determination' in the context of the record as a whole." *Molina*, 674 F.3d at 1122 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). Ninth Circuit "precedents have been cautious about when harmless error should be found." *Marsh*, 792 F.3d at 1170. "'[A] reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id.* (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)).

In this case, the Court cannot confidently conclude that the ALJ's error was inconsequential to the ultimate nondisability determination. It is unclear whether, aside from its predating the onset date, the ALJ would have found any reason to discredit Dr. Jacks's opinion. If given full weight, Dr. Jacks's opinion could support a more restricted RFC than the one rendered below. Moreover, the ALJ discredited Dr. Lewis's opinion largely because it relied on Dr. Jacks's opinion. The ALJ's failure to consider Dr. Jacks's opinion is a significant and consequential error that potentially affected multiple portions of the ALJ's decision. The error was not harmless.

### 2. Dr. Janis Lewis, Ph.D.

On September 19, 2012, Dr. Lewis reviewed the evaluation performed by Dr. Jacks and completed a Review of Medical Evidence form for DSHS. AR 790–92. Dr. Lewis indicated Gonzalez had moderate to marked limitations in 12 basic work activities, including in completing a normal workday or workweek, performing within a schedule, maintaining attendance, and being punctual. *Id.* at 791.

Dr. Lewis is a nonexamining psychologist whose opinion is derived from Dr. Jacks's earlier opinion. The ALJ rejected Dr. Lewis's opinion in large part because it relied on Dr. Jacks's earlier assessment. Although he ALJ provided other reasons to reject Dr. Lewis's opinion, the Court cannot say that these reasons outweighed the fact that Dr. Lewis's opinion reflected Dr. Jacks's assessment. Because the case

SUMMARY JUDGMENT
ORDER - 12

is remanded for the ALJ to reweigh Dr. Jacks's opinion, the ALJ is further instructed to reweigh Dr. Lewis's opinion on remand.

**D.     The ALJ did not err in weighing other source testimony**

An ALJ may consider "other source" testimony from sources such as nurse practitioners, physicians' assistants, and counselors. 20 C.F.R. § 404.1513(d). Such testimony regarding a claimant's symptoms or how an impairment affects his or her ability to work is competent evidence, and cannot be disregarded without comment. *Dodrill v. Shalala*, 13 F.3d 915, 918–19 (9th Cir. 1993). If an ALJ chooses to discount testimony of a lay witness, the ALJ must provide "reasons that are germane to each witness" and may not simply categorically discredit the testimony. *Id*. at 919.

    **1.     Erin See, ARNP**

On April 9, 2013, ARNP Erin See completed a Medical Report in support of Gonzalez's application for Social Security Disability. AR 1158. See opined that Gonzalez would likely miss four or more days of work per month due to his medical impairments. In support of this opinion, See wrote "Please see paperwork from Shane Anderson Mental Health prescriber. Disability is not physical in nature." *Id.* The medical records show that See had been Gonzalez's treating physician since at least February 2013. AR 1480.

The ALJ gave See's opinion "little to no weight." AR 28. The ALJ explained that See provides "no explanation for the limitations she opines, which are unsupported by the treatment notes and the claimant's daily activities." AR 29. Gonzalez argues that the ALJ erred by rejecting See's opinion.

The ALJ provided specific, germane reasons to discount See's testimony. First, the ALJ noted that the testimony was entirely without independent support. See merely referred to the treatment records of another provider. Moreover, the ALJ noted that the limitations opinion in See's report contradicted the treatment notes and Gonzalez's daily activities. These reasons are both germane and supported by substantial evidence in the record. Accordingly, the ALJ did not err in weighing See's opinion.

### 2. Reese Copeland, M.A.

In April 2013, counselor Reese Copeland completed a mental residual functional capacity assessment. The assessment concluded that Gonzalez had mild to moderate impairment in several functional areas including understanding and memory, sustained concentration and persistence, and social interaction. AR 1161. Copeland had a treating relationship with Gonzalez and observed his functioning throughout the period at issue in this case.

The ALJ gave Copeland's opinion "great weight" and concluded that it was "consistent with the longitudinal history of treatment records showing that the claimant's symptoms are well-controlled with medication, and with the mental status evaluations showing no impairment in the claimant's memory and fund of knowledge. Gonzalez argues that the ALJ erred by not fully crediting the opinion. Gonzalez's argument appears to stem from the fact that the RFC does not fully accommodate all of the functional limitations noted in Copeland's opinion. This argument fails however because the ALJ incorporated Copeland's restrictions into the RFC by limiting Gonzalez to very limited contact with supervisors and coworkers, prohibiting contact with the general public, and proscribing a job requiring little to no judgment and skills that can be learned on the job in a short period in a stable predictable work setting. AR 24; *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1225 (9th Cir. 2010) (holding the ALJ did not err by incorporating VA disability limitations into RFC).

**E.     The ALJ properly evaluated Gonzalez's symptom testimony.**

Where a claimant presents objective medical evidence of impairments that could reasonably produce the symptoms complained of, an ALJ may reject the claimant's testimony about the severity of his symptoms only for "specific, clear and convincing reasons" for so doing. *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). An ALJ must make sufficiently specific findings "to permit the court to

conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). General findings are insufficient. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). ALJs may consider many factors in weighing a claimant's credibility, including prior inconsistent statements, unexplained failures to seek treatment, and claimant's daily activities, among others. *Tommasetti*, 533 F.3d at 1039. Courts may not second guess an ALJ's findings that are supported by substantial evidence. *Id.*

Gonzalez argues that the ALJ reversibly erred by discrediting Gonzalez without specific, clear, and convincing reasons to do so. The ALJ found that Gonzalez's testimony was inconsistent with his activities, the objective medical evidence, and the record as a whole. The ALJ's conclusion that Gonzalez's testimony was inconsistent with his daily activities is supported by substantial evidence. Gonzalez claimed that he was unable to work, but in October 2012, he worked two days a week and lived with his girlfriend and children. Although this work history does not necessarily establish Gonzalez's ability to work, it conflicts with his own assessment of the extent of his alleged limitations and therefore bears on credibility.

The ALJ's conclusion that Gonzalez's testimony was in conflict with the record as a whole is also supported by standard evidence in the record. First, the ALJ noted that Gonzalez's condition improved with treatment and medication,

SUMMARY JUDGMENT ORDER **-** 16

contrary to his assertion that he could not work. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (holding that improvement with medication contradicted claimant's own assessment of inability to work). Likewise, the treatment records document Gonzalez's improvements throughout the relevant time period including an improved demeanor and increased symptom control. Accordingly, the ALJ did not err in discrediting Gonzalez's symptom testimony.

**F. The ALJ erred by failing to consider what effect, if any, Gonzalez's obesity had on his RFC.**

Gonzalez argues that the ALJ erred by failing to consider Gonzalez's obesity in his RFC determination. The Commissioner issued a ruling specifically addressing the role of obesity in disability assessments. Social Security Ruling 02-1p (2002), 200 WL 628049. When the record contains evidence of obesity, the ALJ must consider that evidence and explain whether the claimant's obesity, along or interacting with other impairments, causes any physical or mental limitations. *Id.* The ALJ has a duty to determine the effect of obesity on a claimant's other impairments even when the claimant's obesity is not independently "severe" and is not explicitly alleged as a "disabling factor." *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003).

There is evidence in the record indicating Gonzalez suffered from obesity during the relevant period. Gonzalez has a BMI over 30, and the record reflects documentation of his obesity during the relevant time period—September 1, 2012

SUMMARY JUDGMENT
ORDER **-** 17

to October 1, 2013. *See* AR 1481 (noting obesity at August 15, 2013 visit). However, the ALJ did not acknowledge the medical evidence of obesity in the record and did not discuss the impact of obesity on the claimant either alone or in combination with his other medically determinable impairments.

The ALJ erred by failing to consider Gonzalez's obesity. On remand, the ALJ is instructed to consider how, if at all, Gonzalez's obesity impacted his other impairments and his RFC.

## VI. REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed." *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595–96 (9th Cir. 2004).

Here, the ALJ failed to discuss or properly consider the medical opinions of Dr. Jacks and Dr. Lewis as well as the effect of Gonzalez's obesity on his RFC. As

a result, it is not clear whether the ALJ would have arrived at the same conclusion had he considered this evidence or whether Gonzalez would be entitled to benefits. Accordingly, the case is remanded for the ALJ to readdress the medical source opinions in the record at step three and in the RFC determination. Additionally, the ALJ is instructed to consider the effect of Gonzalez's obesity at steps two and five and to confine the discussion to the relevant closed period of disability. If necessary, the ALJ shall recall a vocational expert to reconsider the jobs available to Gonzalez under the revised RFC.

Accordingly, **IT IS HEREBY ORDERED**:

3. Plaintiff's Motion for Summary Judgment**, ECF No. 12,** is **GRANTED.**
4. The Commissioner's Motion for Summary Judgment**, ECF No. 19,** is **DENIED.**
5. This matter is **REMANDED** to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this Order.
6. **JUDGMENT** is to be entered in the Plaintiff's favor**.**
7. **The case shall be CLOSED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 29th day of May 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

SUMMARY JUDGMENT ORDER - 20